Adjehoun v. Holder

BIA
A073 170 076

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand fourteen.

PRESENT:
    JOSÉ A. CABRANES,
    DENNY CHIN,
    SUSAN L. CARNEY,
        *Circuit Judges.*

_____

KOFI ADJEHOUN,
        *Petitioner,*

        v.                                    12-3950
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Theodore A. Vialet, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Jennifer P.
                       Williams, Senior Litigation Counsel;
                       Colette J. Winston, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kofi Adjehoun, a native and citizen of Togo, seeks review of a September 13, 2012, decision of the BIA denying his motion to reopen his removal proceedings. *In re Kofi Adjehoun*, No. A073 170 076 (B.I.A. Sept. 13, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Adjehoun's motion to reopen, filed in 2012, was untimely because he was ordered removed *in absentia* in 2002.

Adjehoun contends, however, that the time period for filing his motion to reopen should have been tolled due to his prior counsel's ineffective assistance. Under the doctrine of equitable tolling, ineffective assistance of

2

counsel may toll the time limitation on a motion to reopen where the movant has exercised "due diligence" in pursuing his claim. *See Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008). However, the movant is required to exercise due diligence both before and after he has or should have discovered the alleged ineffective assistance. *See id.* at 132; *Iavorski v. U.S. INS*, 232 F.3d 124, 134 (2d Cir. 2000).

The BIA did not abuse its discretion in denying his motion to reopen as untimely for failure to exercise due diligence throughout the entire period sought to be tolled. *See Rashid*, 533 F.3d at 130; *Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005) (per curiam). Indeed, Adjehoun acknowledged in his motion to reopen that he "did not do anything for awhile" after the denial of his motion to rescind and reopen in November 2002. Adjehoun's representation—that he relied on his second attorney's advice that nothing could be done to pursue his case for approximately eight years before consulting with his current attorney for unspecified reasons on an unspecified date—is insufficient to demonstrate that he diligently pursued his claim. *See Rashid*, 533 F.3d at 132-33; *see also Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007). Accordingly,

the BIA did not abuse its discretion in finding that Adjehoun did not merit equitable tolling. *See Kaur*, 413 F.3d at 233-34.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4